# United States Court of Federal Claims

No. 14-619 C

(Filed August 28, 2017)

---

**TETRA TECH, INC.,**
**a Delaware corporation, and**
**TETRA TECH EC, Inc.,**

        *Plaintiffs,*

**v.**

**UNITED STATES OF AMERICA,**

        *Defendant.*

---

Motion to Dismiss RCFC 12(b)(1);
Subject Matter Jurisdiction; Motion
for Joinder; Parent vs Subsidiary As
Party Plaintiff; Party Substitution;
Corporate Relationship

*John S. Stewart, Esquire,* Stewart, Sokol & Gray, Portland, OR, for plaintiff.

*Anand R. Sambhwani, Esquire*, United States Department of Justice, Civil Division, Washington, DC, for defendant.

## OPINION AND ORDER

**Hodges,** *Senior Judge*.

Plaintiff Tetra Tech sued the United States alleging breach of its construction contract and subsequent task order for work to be performed at a government facility located in Portal, North Dakota. Plaintiff's Complaint alleges that defendant directed it to execute substantial additional work either not anticipated by the contract or related to unilaterally-issued contract modifications. These alleged additions to the contract were the subject of a Request for Equitable Adjustment later submitted by the plaintiff contractor.

The parties conducted extensive discovery in this and a related case also before this court. See *Tetra Tech, Inc. v. United States*, No 14-133C. Counsel for defendant determined in September 2016 that the entity with which the Government had contracted was not the named plaintiff, Tetra Tech, Inc., but its wholly-owned subsidiary, Tetra Tech EC, Inc. Plaintiff filed a motion to join Tetra Tech EC, Inc. as a party at the court's direction in February of this year. Plaintiff suggested that the Court could permit the parent and its subsidiary to ratify one another's actions as they related to the contract at issue if joinder were denied.

Defendant responded to plaintiff's joinder motion and filed a motion to dismiss pursuant to RCFC 12(b)(1) on April 4, 2017. Defendant contended that substitution, not joinder or ratification, was the appropriate solution for the "filing error" that led Tetra Tech, Inc. to being the named party on the Complaint, rather than its subsidiary Tetra Tech EC. It pointed out that the subsidiary was the contracting party, and only a party in privity of contract can advance a claim before the Court of Federal Claims.

The Government argued in the alternative that the court – if it grants plaintiff's motion to join – should grant defendant's motion to dismiss Tetra Tech, Inc. because it was not in privity of contract and therefore this Court lacked subject matter jurisdiction over its claim. For the reasons stated below, we grant plaintiff's motion to join Tetra Tech EC as a party plaintiff and deny defendant's motion to dismiss.

## JOINDER

Whether to permit joinder is determined by considering prejudice to the defendant, need for changes to the factual allegations of the complaint, and whether defendant is aware of the parties in question. Plaintiff contends that defendant would not be prejudiced here. Defendant's case with respect to either Tetra Tech or Tetra Tech EC is not materially impacted by joinder. No changes to the complaint's factual allegations would be necessary. Defendant was either aware that Tetra Tech EC is a subsidiary of Tetra Tech, Inc., or learned of it during discovery.

Defendant argues that substitution is the superior option and that joinder is inappropriate in this context. Tetra Tech EC is in privity, not Tetra Tech, and the latter should not remain a named party to the suit. Tetra Tech is not an intended third-party beneficiary, a subcontractor, or some other party allowed to remain in a suit without being in privity. Defendant believes that jurisdictional problems will pertain if Tetra Tech, Inc. is permitted to remain as a party plaintiff.

We agree with plaintiff that dismissing Tetra Tech, Inc. or substituting one for the other could lead to substantial additional and duplicative litigation. In any event, replacing the parent with the subsidiary or dismissing the parent is not necessary at this stage of proceedings. We can revisit this issue later if somehow it becomes important.

## CONCLUSION

Joinder protects the Government in this and similar cases involving related plaintiffs who could otherwise sue on similar facts. This dispute has created substantial unnecessary delay to little apparent purpose. The parties have not made clear why either should be concerned regardless of the result. We have discretion to resolve procedural issues such as this in a way that avoids excessive delay and controversy, particularly where neither party can be prejudiced by joinder.

Counsel take strongly differing views on joinder of a necessary party *vice* substitution, yet the rules of this court treat the matter more liberally. *See, e.g. RCFC* 17(a)(3), regarding real parties in interest ("After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest."). *See generally* RCFC 19 and RCFC 20 discussing discretionary factors to consider in ruling on joinder.

Plaintiff's motion to join Tetra Tech EC, Inc. as a party plaintiff is GRANTED. Defendant's motion to dismiss Tetra Tech, Inc. is DENIED. Counsel will meet within 10 days to discuss a schedule for resolving this case on the merits and advise the court by Joint Status Report no later than September 8, 2017.

**IT IS SO ORDERED.**

s/ *Robert H. Hodges, Jr.*

Robert H. Hodges, Jr.
Senior Judge